IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| CUSHMIR MCBRIDE | : | No. 21-173 |

**MEMORANDUM**

PRATTER, J.                                                                                                   MAY 18, 2023

Cushmir McBride was indicted on six counts of maliciously damaging property and one count of conspiracy to do so. He now moves to dismiss one of the six substantive counts for lack of venue. Because the conduct upon which this count is based occurred in the District of Delaware, the Court grants the motion to dismiss in part. But because that conduct may be properly charged as part of a broader conspiracy in the Eastern District of Pennsylvania, the Court denies Mr. McBride's motion in part as it relates to the conspiracy count.

### BACKGROUND

On January 20, 2022, a grand jury sitting in the Eastern District of Pennsylvania returned a superseding indictment charging Mr. McBride with one count of conspiracy to maliciously damage property used in interstate commerce by means of an explosive, in violation of 18 U.S.C. § 844(n), and six counts of maliciously damaging property used in interstate commerce by means of an explosive, in violation of 18 U.S.C. § 844(i). The indictment charges Mr. McBride and his co-defendants with conspiring to use explosives to damage automated teller machines ("ATMs") in order to access the cash inside. Mr. McBride is also charged with damaging six ATMs, with each act also charged as an overt act in furtherance of the conspiracy. Five of these ATMs were

located in the Eastern District of Pennsylvania. Count Five of the indictment, however, charges Mr. McBride with blowing up an ATM located at a Wawa store in Claymont, Delaware.

Mr. McBride filed this motion to dismiss Count Five for lack of venue and to omit any reference to the attack on the Delaware ATM from the conspiracy count. The Government does not oppose dismissing Count Five, though it opposes Mr. McBride's request to omit the underlying conduct from the conspiracy count.

## DISCUSSION

Both Article III of the U.S. Constitution and the Sixth Amendment require that a defendant's criminal trial take place in the state where the alleged crime occurred. *See* U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI. This mandate is reflected in Federal Rule of Criminal Procedure 18, which provides that "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. Because Count Five charges Mr. McBride with conduct occurring solely in Delaware, it cannot be prosecuted in the Eastern District of Pennsylvania and must be dismissed.[1]

The conspiracy count in Count One is a different story. "Congress may prescribe specific venue requirements for particular crimes," *United States v. Renteria*, 903 F.3d 326, 329 (3d Cir. 2018), and it has done just that for continuing offenses that are "begun in one district and completed in another, or committed in more than one district," providing that such offenses may be "prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). So, for a conspiracy charge, "venue can be established wherever a co-conspirator has

---

[1] Though Mr. McBride may not be prosecuted in this district for blowing up the Delaware ATM, the Government may still do so in the District of Delaware if an indictment is obtained in that district. Mr. McBride's request to dismiss Count Five with prejudice is therefore denied.

committed an act in furtherance of the conspiracy." *United States v. Perez*, 280 F.3d 318, 329 (3d Cir. 2002).

Mr. McBride contends that, because Count Five may not be prosecuted in the Eastern District of Pennsylvania, any reference to his conduct in Delaware should be omitted from the conspiracy charge. But this argument ignores the "distinction between overt acts, which are permissible evidence or elements of a conspiracy charge (even when committed outside the district), and substantive offenses which may not be prosecuted in the same district of committed outside that district." *United States v. Jordan*, 846 F. Supp. 895, 896 n.1 (D. Nev. 1994). Because venue over the conspiracy charge is proper in the Eastern District of Pennsylvania, and because Mr. McBride's conduct in Delaware is charged as an overt act in furtherance of the conspiracy, it may be presented as evidence of the conspiracy. Mr. McBride's request to omit references to his conduct in Delaware from the conspiracy count must be denied.

## CONCLUSION

For the foregoing reasons, the Court grants Mr. McBride's motion to dismiss Count Five of the indictment without prejudice and denies his request to omit portions of Count One of the indictment. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

3